# UNITED STATES COURT OF APPEAL
# FOR THE SIXTH CIRCUIT

TRUSTEES OF SHEET METAL WORKERS LOCAL 7
ZONE 1 PENSION FUND; TRUSTEES OF SHEET
METAL WORKERS LOCAL 7 ZONE 1 HEALTH AND
WELFARE FUND; TRUSTEES OF SHEET METAL
WORKERS LOCAL 7 ZONE 1 FIVE CITIES
ASSOCIATION JOINT APPRENTICESHIP AND
TRAINING FUND.

        Plaintiff-Appellants                                        Reply Brief

v.                                                                     Case No.  22-1566

PRO SERVICES, INC., a Michigan Corporation

        Defendant-Appellee

---

Reply Brief of Appellants, Trustees of Sheet Metal Workers Local 7 Zone 1 Pension Plan, Trustees of Sheet Metal Workers Local 7 Zone 1 Health and Welfare Plan and Trustees of Sheet Metal Workers Local 7 Zone 1 Five Cities Association Joint Apprenticeship and Training Fund.

                                                                 /s/ Frank D. McAlpine
                                                               Frank D. McAlpine, Attorney
                                                                for Appellants
                                                                610 University Drive
                                                                East Lansing, MI 48823

TABLE OF CONTENTS

| | |
|---|---|
| TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | ii |
| STATEMENT OF ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 1. |
| SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 2. |
| ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 5. |
| CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 10. |

## TABLE OF AUTHORITIES

Cases                                                                                                    Page

*Brotherhood 0f R.R. Trainmen v. Baltimore & Ohio R.R.*
331 U.S. 519, 67 S. Ct. 1387, 91 L Ed. 1646 (1947) . . . . . . . . . . . . . . . . . . . . . .         3,4,6,7,9

*M. & G. Polymers USA, LLC v. Tackett,*
547 U.S. 427, 135 S. Ct. 926, 190 L. Ed. 2d 809 (2015) . . . . . . . . . . . . . . . . . .              3,7,8

*U.S. Gypsum Co., v. Quigley Co. (In Re G-I Holdings, Inc.)*
755 F.3d 195 (3rd Cir 2014 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2,7

STATEMENT OF THE ISSUES

Appellee Pro Services in its brief identifies one issue in its Statement of Issues.

1.   Did the District Court correctly determine that inclusion of the phrase "construction industry" in the collective bargaining agreement's title limit the agreement's application to that industry?

Appellee Pro Services identifies a number of sub-issues in its brief.  Appellant Funds will address the following sub-issues raised in the brief.

2.  Whether in an unambiguous contract, are contract titles disregarded when they conflict with the contract's substantive text.

3.  Whether the Appellant Funds failed to preserve the argument that, a title cannot contradict or rewrite the plain language of a unambiguous contract.

4.  Whether a "doubt" can arise in an unambiguous contract which would allow the use of a title, heading or other extrinsic evidence to alter or modify the unambiguous terms of the contract.

SUMMARY OF ARGUMENT

This case revolves around a subtitle/recital in the Collective Bargaining Agreement that states, " SHEET METAL ROOFING, VENTILATION AND AIR CONDITIONING CONTRACTING DIVISION OF THE CONSTRUCTION INDUSTRY. The District Court granted summary judgment to Appellee Pro Services holding,

> "Here, the title of the parties' CBA expressly identifies the "Sheet Metal, roofing , ventilation and Air Conditioning Contracting Division of the Construction Industry, and therefore limits the class of workers for whom fringe benefit contributions must be made. The title is clear on its face that the CBA applies to employees performing covered work in the "Construction Industry' and does not encompass employees performing covered work in other industries." Opinion Trial Court P13, ECF 125, PageID. 3457

Prior to its granting summary judgment the Court granted Pro Service's Motion to Strike Witness Declarations holding that, " The parties agree that the CBA is "clear and unambiguous," although they disagree about what the outcome dictates." Order ECF 124, PageID.3444. Appellant Funds contends that the District Court's ruling granting summary judgment, rewrote the CBA ignoring Article I of the CBA. Very substantial and clear case law holds that, " Contract headings do not constitute controlling evidence of a contract's substantive meaning". *U.S. Gypsum Co., v. Quigley Co. (In Re G-1 Holdings, Inc.)* 755 F. 3d

2.

195 (3rd Cir. 2014).

A second issue raised in the brief of Appellee Pro Services is:

2. Whether in an unambiguous contract, are contract titles disregarded when they conflict with the contract's substantive text.

The law is not in dispute, introductory clauses, titles and headings cannot be used to create an ambiguity where no ambiguity exists. " But they cannot undo or limit which the text makes plain." *Brotherhood of R.R. Trainmen v. Baltimore & Ohio R.R.* 331 U.S. 519, 529-530, 67 S. Ct. 1387, 91 L Ed. 1646 (1947).

3. A third issue raised in the brief of Appellee Pro Services is:

Whether the Appellee Funds failed to preserve the argument that, a title cannot contradict or rewrite the plain language of a unambiguous contract.

The District Court in its February 8, 2022 Order, ECF 124, Page ID.3444 found that the CBA was "clear and unambiguous". A title is not a contractual provision. When a contract is unambiguous, "contractual provisions should be enforced as written . . " *M & G Polymers USA, LLC v. Tackett,* 547 U.S. 427, 135 S. Ct. 926, 190 L. Ed 2d. 809(2015). Appellee Funds throughout this litigation has taken the position that the CBA was unambiguous and that Article I, Trade Jurisdiction resolved any question regarding trade jurisdiction. See Appellee Pro Services Brief, COA Document 21, page 26. Appellant Funds had no reason to anticipate

that the District Court would rewrite the CBA elevating vague wording in the title over the expressed language in Article I Trade Jurisdiction holding that the CBA only applied to sheet metal work in the construction industry.

4. The fourth issue raised by Pro Services in its brief is:

Whether a "doubt" can arise in an unambiguous contract which would allow the use of a title, heading or other extrinsic evidence to alter or modify the unambiguous terms of the contract.

Appellee Pro Services on page 32 Document 21 of its brief states,

" In addition, Appellants misinterpret *Trainman* and the other cases upon which they rely to incorrectly argue that titles should be considered only when a text is ambiguous. What *Trainmen* actually said was that titles can be considered to resolve a "doubt". 331 U.S. at 529. "Doubt" can arise even in an unambiguous contract, and a title or heading can resolve it."

Apparently, Appellee Pro Services is contending that a contract can be unambiguous and doubtful at the same time. This is a misreading of *Trainmen.* In *Trainmen* the court was very clear,

"Factors of this type have led to the wise rule that the title of a statute cannot limit the plain meaning of the text. (citation omitted) interpretative purposes, they are of use only when they shed light on some ambiguous word or phrase. They are but tools available for resolution of a doubt. But they cannot undue or limit what the text makes plain." *Brotherhood of R.R. Trainmen v. Baltimore & Ohio R.R.* 331 U.S. 519, 528-529, 67 S. Ct 1387, 911 L. Ed. 1646 (1947).

The title can only be used if a word or phrase in the contract is ambiguous.

Doubtful is the same as ambiguous.

4.

ARGUMENT

To understand the Collective Bargaining Agreement (CBA) EFC 107-3 and Article I Trade Jurisdiction it is important understand context. Union sheet metal workers undergo a long and through apprenticeship process learning drafting, welding, science, metal manipulation, and safety. After graduation from the training school they have a skilled trade much like millwrights, plumbers and electricians. This trade can be used in construction, manufacturing, mining, transportation and many other industries. The CBA recognizes this fact and in Article I Trade Jurisdiction it states:

> SECTION 1. This agreement covers the rates of pay and conditions of employment of all employees of the employer engaged in but not limited to the: (a) manufacture, fabrication, assembling, handling, erection dismantling, conditioning, adjustment, alteration, repairing and servicing of all ferrous and nonferrous metal work . . .

Jurisdiction is not determined by location or industry rather it is determine by the type of work performed, the sheet metal trade. Employees engaged in the sheet metal trade must be union sheet metal workers. The District Court misunderstood the CBA and instead imposed a industry restriction limiting the CBA only to the construction industry. The title/recital at the beginning of the CBA uses the words construction industry, but nowhere does the CBA indicate the phrase is

5.

jurisdictional or binding on the parties.

Issues raised by Appellee Pro Services in its brief.

1. Did the District Court correctly determine that inclusion of the phrase "construction industry" in the collective bargaining agreement's title limit the agreement's application to the construction industry?

The District Court relied on the title (subtitle or recital) in the CBA to hold that the jurisdiction of the CBA was limited to work in the construction industry. This was in error. The trade jurisdiction is clearly stated in Article I Trade Jurisdiction. The District Court in its opinion fails to give any consideration to Article I and instead states: "The title is clear on its face that the CBA applies to employees performing covered work in the "construction industry" and does not encompass employees performing covered work in other industries." Appellant Funds in their brief cover this issue extensively citing *Brotherhood of R.R. Trainmen v. Baltimone & Ohio R.R.* 331 U.S. 519, 528-529, 67 S. Ct. 1387, 91 L.Ed. 1646 (1947). *Trainmen* makes it clear that a title "cannot limit the plain meaning of the text" and "they cannot undo or limit that which the text makes plain." The District Court in its Order EFC 124, PageID.3444 found the CBA to be unambiguous. Because the CBA was unambiguous, the title could not be used for interpretive purposes, "For interpretive purposes, they are to be used only when they shed some light on some ambiguous word or phrase." *Trainmen* (supra). Appellee Pro

Services never indicates, what word or phrase it feels is ambiguous. Appellee Pro Services implies that the CBA is ambiguous because the CBA does not indicate what industries are covered by the CBA. As previously demonstrated Article I Trade Jurisdiction states that all employees of the Employer engaged in sheet metal work are covered by the CBA. The industry is not relevant.

2. Whether in an unambiguous contract, are contract titles disregarded when they conflict with the contract's substantive text.

The law is not in dispute, introductory clauses, titles and headings cannot be used to create an ambiguity where no ambiguity exists. " But they cannot undo or limit which the text makes plain." *Brotherhood of R.R. Trainmen v. Baltimore & Ohio R.R.* 331 U.S. 519, 529-530, 67 S. Ct. 1387, 91 L Ed. 1646 (1947). " The title of a section cannot contradict or rewrite the plain language of the contractual provisions within the section. Contract headings do not constitute controlling evidence of a contract's substantive meaning." *Gypsum Co. v. Quigley Co. (In re G-I Holdings, Inc.* 755 F.3d 195, 203 (3rd Cir 2014). With that said, titles and any extrinsic evidence can be used as an aid where a word or phrase is ambiguous. Here, the Appellee has never pointed to any ambiguity in the CBA and agreed that the CBA was unambiguous. Order EFC 124, PageID. 3444.

3. Whether the Appellant Funds failed to preserve the argument that, a title cannot

7.

contradict or rewrite the plain language of a unambiguous contract   The District Court in its February 8, 2022 Order, ECF 124, Page ID.3444 found that the CBA was "clear and unambiguous".  A title is not a contractual provision.  When a contract is unambiguous, "contractual provisions should be enforced as written . . " *M & G Polymers USA, LLC v. Tackett,* 547 U.S. 427, 135 S. Ct. 926, 190 L. Ed 2d. 809(2015).  Appellant Funds throughout this litigation has taken the position that the CBA is unambiguous and that Article I, Trade Jurisdiction resolved any question regarding trade jurisdiction. See Appellee Pro Services Brief, COA Document 21, page 26.  Appellant Funds had no reason to anticipate that the District Court would rewrite the CBA elevating vague wording in the title over the expressed language in Article I Trade Jurisdiction holding that the CBA only applied to sheet metal work in the construction industry.  The Appellant Funds was and is right on the law.  The CBA was not ambiguous, a title is not a contract provision and unambiguous contracts should be enforced as written.

  4.   Whether a "doubt" can arise in an unambiguous contract which would allow the use of a title, heading or other extrinsic evidence to alter or modify the unambiguous terms of the contract.

   Appellee Pro Services on page 32, COA Document 21, of its brief states:

> " In addition, Appellants misinterpret *Trainman* and the other cases upon which they rely to incorrectly argue that titles should be considered only when a text is ambiguous. What *Trainmen* actually said was that titles can be considered to resolve a "doubt". 331 U.S. at 529. "Doubt" can arise even in an unambiguous contract, and a title or heading can resolve it."

Apparently, Appellee Pro Services is contending that a contract can be unambiguous and doubtful at the same time. This is a misreading of *Trainmen.* In *Trainmen* the court was very clear,

> "Factors of this type have led to the wise rule that the title of a statute cannot limit the plain meaning of the text. (citation omitted) For interpretative purposes, they are of use only when they shed light on some ambiguous word or phrase. They are but tools available for resolution of a doubt. But they cannot undue or limit what the text makes plain." *Brotherhood of R.R. Trainmen v. Baltimore & Ohio R.R.* 331 U.S. 519, 528-529, 67 S. Ct 1387, 911 L. Ed. 1646 (1947).

The title can only be used if a word or phrase in the contract is ambiguous.

Appellant Pro Services does not explain what the doubt is in the CBA.

## CONCLUSION

The District Court's decision is flawed. The Court elevated language in a subtitle/recital over the jurisdiction clause in Article I of the CBA. Titles/recitals can be used to resolve a doubt in an ambiguous contract but where the contract is clear and unambiguous, the Court enforces the contract as written. All parties agreed that the CBA is not ambiguous.

The Appellant Funds requests the Court set aside the granting of summary judgment in favor of Appellee Pro Services Inc. and return this matter back to the District Court for further proceedings regarding the cross-motions for summary judgment.

Dated: October 9, 2022                    /s/ Frank D. McAlpine
                                                                      Frank D. McAlpine
                                                                      Attorney for Appellant Funds

ADDENDUM

Designation

1. Opinion and Order granting Motion for Summary Judgment
    ECF125 PageID. ##3445-3459

2. District Court Order, February 8, 2022
    ECF 124, PageID. 3444

3. Collective Bargaining Agreement (CBA)
    EFC 107-3

4. Appellee Pro Services Brief, COA Document 21, page 26

CERTIFICATE OF COMPLIANCE

This document contains 2,386 words as defined by FRCP 32 as generated by Word Perfect software.

  /s/ Frank McAlpine
Frank D. McAlpine
Attorney for Appellants

CERTIFICATE OF SERVICE

On October 9, 2022, I certify that I electronically filed this document with the Clerk of the Court through the ECF System which will send notice of each electronic filing to all counsel of record registered electronically.

  /s/ Frank D. McAlpine
Attorney for Appellants